THE STATE, EX REL. TAVENNER, APPELLEE AND CROSS-APPELLANT, *v.* INDIAN LAKE LOCAL SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as *State, ex rel. Tavenner, v. Indian Lake Local School Dist. Bd. of Edn.* (1991), 62 Ohio St.3d 88.]

(No. 90–1301—Submitted June 26, 1991—Decided October 16, 1991.)

*Snyder, Rakay & Spicer* and *Peter J. Rakay,* for appellee and cross-appellant.

*Bricker & Eckler, Nicholas A. Pittner* and *Sue A. Wyskiver,* for appellants and cross-appellees.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Robert T. Baker* and *Amy J. Girvin,* urging reversal on the appeal for *amicus curiae,* Ohio School Boards Association.

---

*Per Curiam.*   In *Brown, supra,* we held that a tutor is a "teacher" under R.C. 3319.09(A), a tutor is entitled to compensation according to the board of

education's duly adopted pay schedule under R.C. 3317.14 and 3317.13(B), and a tutor may obtain back pay by way of mandamus.

Neither the board nor *amicus* advances any argument which persuades us to reverse or limit *Brown*. Accordingly, we affirm the judgment of the court of appeals granting back pay in this case.

Moreover, the board and *amicus* fail to persuade us to apply *Brown* prospectively only. In *Peerless Electric Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 129 N.E.2d 467, 468, we stated the general rule that:

" * * * [A] decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision. * * * "

Here, *Brown* did not overrule a former decision; it set forth the law that had always existed even if it had not been applied. Thus, contractual rights could not have arisen nor vested rights been acquired under any prior decision. The law stated in *Brown* was always the law, even if unarticulated.

Finally, we reverse, on Tavenner's cross-appeal, the appellate court's refusal to grant her post-judgment interest.

According to R.C. 3313.17, a board of education is " * * * a body politic and corporate, and, as such, capable of suing and being sued * * *." In *State, ex rel. Springfield City School Dist. Bd. of Edn., v. Gibson* (1935), 130 Ohio St. 318, 4 O.O. 352, 199 N.E. 185, paragraph two of the syllabus, we stated:

"A board of education or school district, clothed with the capacity to sue and be sued, is thereby rendered amenable to the laws governing litigants * * *."

In *Gibson* at 322, 4 O.O. at 354, 199 N.E. at 187, we explained that a school board was not the complete sovereign that the state was. We added:

"Where a board of education or school district is subject to suit, it is to be treated, for the purpose of such suit, in the same manner as a private litigant. Not being an entire sovereignty, there is no sound reason for treating it in a manner different from the manner of treating any other litigant. The law should be of universal application and without distinction among litigants. The fact that a board of education or school district is engaged in a public task is an immaterial circumstance. When it is rendered subject to suit without consent, it is automatically stripped of its attribute of sovereignty and of the exemptions and immunities available to sovereignties."

R.C. 1343.03(A) renders litigants liable for post-judgment interest " * * * upon all judgments, decrees, and orders of any judicial tribunal for the

payment of money arising out of * * * a contract, or other transaction * * *."
Under this authority, Tavenner is entitled to post-judgment interest.

Accordingly, we affirm the portion of the judgment of the court of appeals that grants Tavenner back pay but reverse the portion that denies her post-judgment interest on the back pay.

*Judgment affirmed in part
and reversed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurring. I concur in the well-reasoned decision of the majority. I write separately for the sole purpose of calling attention to *Beifuss v. Westerville Bd. of Edn.* (1988), 37 Ohio St.3d 187, 525 N.E.2d 20. While *Beifuss* was a prejudgment interest case and the case at bar is a post-judgment interest matter, and thus are clearly distinguishable from each other, nevertheless some of the language in today's case is incompatible with some of the language in *Beifuss* and, thus, *Beifuss* should, at the very least, be called to the attention of the bench and bar. The language and judgment in today's decision are a correct statement of the law as it is and should be.