[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 288.]

STREETSBORO EDUCATION ASSOCIATION ET AL., APPELLEES, *v.* STREETSBORO
CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as *Streetsboro Edn. Assn. v. Streetsboro City School Dist. Bd. of Edn.*,
1994-Ohio-16]

*Labor relations—Schools—Where provision of collective bargaining agreement
conflicts with state or local law pertaining to a specific exception listed in
R.C. 4117.10(A), the law prevails and the provision is unenforceable.*

Where a provision of a collective bargaining agreement is in conflict with a state or
local law pertaining to a specific exception listed in R.C. 4117.10(A), the
law prevails and the provision of the agreement is unenforceable.

(No. 92-2018—Submitted November 16, 1993—Decided February 4, 1994.)

APPEAL from the Court of Appeals for Portage County, No. 91-P-2327.

————————————

{¶ 1} On February 14, 1989, two teachers in the Streetsboro City School
District, plaintiffs-appellees Linda Jahn and Beverly Thorne, along with their
collective bargaining representative, plaintiff-appellee Streetsboro Education
Association ("education association"), filed an action against defendant-appellant,
Streetsboro City School District Board of Education ("board of education"), in
Portage County Common Pleas Court. Appellees contended that a provision of the
collective bargaining agreement entered into by the education association and the
board of education was unenforceable.

{¶ 2} It was alleged that Jahn and Thorne each had taken unpaid parental
leaves of absence according to the terms of the parties' collective bargaining
agreement. Each chose to purchase retirement service credit after the leave had
ended from the State Teachers Retirement System ("STRS") to cover all or some
of the times she had been on leave. The dispute between the parties revolves around

appellees' attempt to have appellant pay the employer's share of the retirement service credit. Appellees claim that R.C. 3307.512 mandates that appellant pay the employer's share into STRS for the leave times covered by Jahn's and Thorne's elections to purchase service credit. Appellant argues that a provision in the collective bargaining agreement, Section C(1)(b), Article 3, specifying that the board of education "shall not be held responsible for any retirement costs incurred as a result of an unpaid Leave of Absence," is enforceable and absolves appellant of any responsibility to pay the employer's share.

{¶ 3} After Jahn elected to purchase a portion of the retirement service credit, appellant paid the employer's share covering that portion of Jahn's leave of absence and was reimbursed by Jahn for that amount. Therefore, Jahn sought to recover in common pleas court the money she had expended to reimburse appellant.

{¶ 4} After Thorne elected to purchase the retirement service credit, appellant paid the employer's share ($3,689.82) covering Thorne's leave of absence, but Thorne refused to reimburse appellant for the amount. Therefore, appellant filed a counterclaim in the suit to recover that money from Thorne.

{¶ 5} The trial court granted appellees' motion for summary judgment, finding the collective-bargaining-agreement provision at issue was unenforceable. In making that determination, the trial court relied upon R.C. 4117.10(A), which states that "[l]aws pertaining to *** the retirement of public employees *** prevail over conflicting provisions of agreements between employee organizations and public employers." The trial court awarded Jahn the money she had spent to reimburse appellant (plus interest), and directed appellant to make employer payments for the purchase of the balance of the service credit. The court awarded appellant nothing on its counterclaim against Thorne. The court of appeals affirmed.

{¶ 6} The cause is now before this court pursuant to the allowance of a motion to certify the record.

---

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.*, *Ronald G. Macala* and *Anne Piero Silagy*, for appellees.

*Christley, Herington, Pierce, Silver & Habowski*, *Ronald J. Habowski* and *Leigh E. Herington*, for appellant.

---

**ALICE ROBIE RESNICK, J.**

{¶ 7} The issue presented is whether the provision contained in the parties' collective bargaining agreement, Section C(1)(b), Article 3,[1] specifying that appellant shall not be responsible for paying the employer's share of retirement payments made to STRS for an unpaid leave of absence, is valid and enforceable. Appellees claim that the provision is not enforceable because R.C. 3307.512[2]

---

1. The parties' collective bargaining agreements for the 1985-1988 school years and for the 1988-1991 school years contained identical versions of Section C(1)(b), Article 3: "The Board shall not be held responsible for any retirement costs incurred as a result of an unpaid Leave of Absence. The employee may purchase this credit, if eligible, under STRS policy and at their [sic] own expense." The parties' collective bargaining agreement for the 1982-1985 school years contained no comparable provision.

2. R.C. 3307.512 provides, in pertinent part:

"(B) *Any member of the state teachers retirement system who* is, or has been, prevented from making contributions under section 3307.51 of the Revised Code because of an absence due to his own illness or injury, or who is, or *has been, granted a leave for* educational, professional, or *other purposes pursuant to section 3319.13*, 3319.131, or 3345.28 *of the Revised Code* or for any other reason approved by the state teachers retirement board, *may purchase service credit*, not to exceed two years for each such period of absence or leave, *either by having deductions made in accordance with division (C) of this section or by making the payment required by division (D) or (E) of this section.*

"(C) If the absence or leave begins and ends in the same year, the member may purchase credit for the absence or leave by having the employer deduct and transmit to the system *** employee contributions ***. *The employer shall pay the system the employer contributions on the compensation amount certified under this division.* ***

"(D) During or following the absence or leave, *** a member may purchase credit for the absence or leave by paying to the employer, and the employer transmitting to the system, employee contributions ***. The employer shall pay the system the employer contributions on the compensation amount certified under this division. ***

"(E) After two years following the last day of the year in which an absence or leave terminated, a member may purchase credit for the absence or leave by paying the employer, and the employer transmitting to the system, the sum of the following for each year of credit purchased:

specifically requires appellant to pay STRS the employer's share whenever an employee who is a member of STRS elects to purchase service credit following a period of approved absence or leave. For the reasons which follow, we find Section C(1)(b), Article 3 of the collective bargaining agreement unenforceable.

{¶ 8} R.C. 4117.10(A) sets out the relationship between provisions of a collective bargaining agreement and state or local laws. R.C. 4117.10(A) first provides that a collective bargaining agreement "governs the wages, hours, and terms and conditions of public employment covered by the agreement." From this it logically follows that if no state or local law makes a specification about a matter (*i.e.*, if there is no conflict between the agreement and a law), then the agreement governs the parties as to that matter. Conversely, if a collective bargaining agreement makes no specification about a matter (*i.e.*, if there is no conflict between a law and the agreement), then R.C. 4117.10(A) further provides that state and local laws generally apply to a public employer and its public employees regarding "wages, hours and terms and conditions" of employment.

{¶ 9} When a provision in a collective bargaining agreement addresses a subject also addressed by a state or local law, so that the two conflict, R.C. 4117.10(A) delineates whether the collective bargaining provision or the law prevails. To do this, R.C. 4117.10(A) specifies certain areas in which laws will prevail over conflicting provisions of collective bargaining agreements. Consequently, where a provision of a collective bargaining agreement is in conflict with a state or local law pertaining to a specific exception listed in R.C. 4117.10(A), the law prevails and the provision of the agreement is unenforceable. However, if

---

"(1) An amount determined ***;

"(2) Interest compounded annually *** on the amount determined under division (E)(1) ***;

"(3) *Interest* compounded annually *** *on an amount equal to the employer's contribution required by this division* ***.

"*The employer shall pay to the system for each year of credit purchased under this division* ***." (Emphasis added.)

a collective bargaining provision conflicts with a law which does not pertain to one of the specific exceptions listed in R.C. 4117.10(A), then the collective bargaining agreement prevails. See *State ex rel. Rollins v. Cleveland Hts.-University Hts. Bd. of Edn.* (1988), 40 Ohio St.3d 123, 532 N.E.2d 1289, paragraph one of the syllabus (collective bargaining agreement prevails over conflicting law unless the law falls within an exception listed in R.C. 4117.10[A]). See, also, *Cuyahoga Falls Edn. Assn. v. Cuyahoga Falls City School Dist. Bd. of Edn.* (1991), 61 Ohio St.3d 193, 574 N.E.2d 442, paragraph two of the syllabus; *Jurcisin v. Cuyahoga Cty. Bd. of Elections* (1988), 35 Ohio St.3d 137, 143, 519 N.E.2d 347, 352-353.

{¶ 10} Hence, the analysis employed to resolve whether the collective bargaining agreement or the state or local law prevails is straightforward: (1) Initially, we examine the relevant provision of the collective bargaining agreement and the relevant state or local law, and ask whether the agreement and the law conflict. (2) If there is a conflict, we then ask whether the conflicting law pertains to one of the areas listed in R.C. 4117.10(A). The law prevails if the two questions above are answered in the affirmative. If that is the case, the conflicting provision in the collective bargaining agreement is unenforceable.

{¶ 11} R.C. 3307.512(B) provides that a member of STRS who has been on leave and is unable to make contributions through employer payroll deductions to STRS during the leave time may purchase service credit. Jahn and Thorne could purchase service credit following their leaves under R.C. 3307.512(B). This statute allows any member of STRS to purchase service credit if the member has been absent from work due to "his [or her] own illness or injury, or who is, or has been, granted a leave for educational, professional, or other purposes pursuant to section 3319.13." The parental leave taken by Jahn and Thorne was an approved leave of absence for "other purposes" as provided for in R.C. 3319.13.

{¶ 12} A member of STRS who chooses to purchase this service credit has several options on how to make the payments, depending on the member's situation.

The differing methods for making the payments are set out in R.C. 3307.512(C), (D), and (E). Both R.C. 3307.512(C) and (D) state that "[t]he employer shall pay [STRS] the employer contributions on the compensation amount certified under this division." R.C. 3307.512(E) states that "[t]he employer shall pay to [STRS] for each year of credit purchased under this division ***." Jahn and Thorne proceeded under R.C. 3307.512(D) to purchase service credit. Because R.C. 3307.512 requires appellant to pay the employer's share of service credit purchased, and the collective bargaining agreement provides that appellant is not responsible for paying the employer's share, the statute and the collective bargaining agreement are in conflict.

{¶ 13} Appellant argues that the statute and the agreement do not conflict, pointing to R.C. 3319.13, which provides that a board of education "*may* grant a leave of absence *** for educational or professional or *other purposes*, and *shall* grant such leave where *illness or other disability* is the reason for the request." (Emphasis added.) Appellant reasons that, pursuant to this provision, a board of education has discretion whether to grant a leave for certain purposes, but must grant a leave when the leave is for "illness or other disability." Appellant argues that Jahn's and Thorne's parental leave falls within the "other purposes" language of the discretionary portion of the statute, and that, therefore, state law does not require that the leave be granted. Thus, appellant claims that the leave was granted pursuant to a provision of the collective bargaining agreement and not pursuant to any statute.

{¶ 14} The provision of the collective bargaining agreement under which Jahn and Thorne were granted leave, Section B(2)(a), Article 3, reads: "A staff member *** *shall be entitled* to a Leave of Absence, without pay for maternity or child care reasons ***. Requests for extension of this leave *shall be granted* for one (1) or two (2) additional semesters ***." (Emphasis added.) Appellant essentially claims that the board of education gave up its discretion whether to grant

unpaid parental leave in return for the education association's agreement that the board of education would not be responsible for paying the employer's share of such leave. Appellant contends that the collective bargaining agreement does not conflict with R.C. 3307.512 because the agreement provision which allegedly conflicts with that statute was given as a *quid pro quo* for another benefit. In other words, appellant in effect argues that appellees should be estopped from alleging that a conflict exists.

{¶ 15} We do not accept appellant's argument in this regard. There is evidence in the record that during the collective bargaining negotiations over the provision specifying that appellant would not be responsible for the employer's share for service credit purchased after a parental leave was taken, the education association contended that the provision was unenforceable. Despite this contention, appellant opposed negotiating over the removal of that provision from the agreement. In addition, given the record before us, we are not prepared to speculate whether one provision was given as a *quid pro quo* for the other.

{¶ 16} Furthermore, whether the board of education has discretion (either statutorily or contractually) to approve a parental leave does not change the fact that a statute, R.C. 3307.512, specifies without qualification that appellant is required to pay the employer's share. It does not matter whether appellant had given up the discretion afforded by R.C. 3319.13 to approve or deny the taking of the leave in the first place. R.C. 3307.512's requirement is triggered after the leave has been approved and taken, regardless of the reason for the approval, if the conditions precedent to the requirement are fulfilled. Those conditions were fulfilled here, R.C. 3307.512's clear requirement was triggered, and the collective bargaining agreement conflicts with R.C. 3307.512.

{¶ 17} Having determined that a conflict exists, we next determine whether the statute or the collective bargaining agreement prevails. R.C. 4117.10(A) provides that "[l]aws pertaining to *** the retirement of public employees ***

prevail over conflicting provisions of agreements between employee organizations and public employers." Despite appellant's arguments to the contrary, it is evident that R.C. 3307.512 is a law pertaining to the retirement of public employees. As such, through the application of R.C. 4117.10(A), that statute prevails over the conflicting provision of the collective bargaining agreement.

{¶ 18} This state favors allowing public employers and their employees to negotiate the terms and conditions of their relationship at the bargaining table. Nevertheless, the General Assembly has made it clear through the exceptions listed in R.C. 4117.10(A) that as to certain matters, parties to a collective bargaining agreement are bound by state and local laws, and are not free to negotiate provisions that conflict with those laws. In so doing, the General Assembly has unequivocally evinced a willingness to take a subject or part of a subject out of the realm of collective bargaining. Section C(1)(b), Article 3 of the collective bargaining agreement conflicts with R.C. 3307.512's requirement that appellant pay the employer's share of Jahn's and Thorne's service credit, and pursuant to R.C. 4117.10(A), that provision of the agreement is unenforceable. Appellees were entitled to summary judgment.

{¶ 19} Accordingly, the judgment of the court of appeals is affirmed.[3]

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

_____

3. Judge Hendrickson, in his dissent below, expressed the opinion that appellant's duty to pay the employer's share of service credit could not apply to leave taken by Jahn and Thorne before R.C. 3307.512's effective date (April 4, 1985). As the parties do not raise arguments regarding the permissible reach of the statute, we do not address this issue.