[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnston v. N. Olmsted City School Dist. Bd. of Edn.*, Slip Opinion No. 2025-Ohio-1233.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1233

THE STATE EX REL. JOHNSTON, APPELLANT, *v.* NORTH OLMSTED CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnston v. N. Olmsted City School Dist. Bd. of Edn.*, Slip Opinion No. 2025-Ohio-1233.]

*Mandamus—Teacher seeking higher salary and backpay had an adequate remedy in ordinary course of law by filing grievance under collective-bargaining agreement with school district—Court of appeals' judgment granting school board's motion for judgment on pleadings affirmed.*

(No. 2024-0462—Submitted January 7, 2025—Decided April 10, 2025.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 112691, 2024-Ohio-677.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Emily Johnston, started teaching in the North Olmsted City School District at the beginning of the 2018-2019 school year. Before hiring her, appellee, North Olmsted City School District Board of Education, first offered a salary reflecting ten years of teaching experience. But before she signed a contract, the board recalculated her prospective salary based on only six years of teaching experience and issued her a new letter offering that salary. The contract she later signed was based on this second offer. She has not raised a grievance under the applicable collective-bargaining agreement. In May 2023, she brought an action in mandamus, seeking the pay she would have earned on the higher salary over the preceding five years.

{¶ 2} The Eighth District Court of Appeals dismissed Johnston's complaint on the pleadings. 2024-Ohio-677, ¶ 18 (8th Dist.). It reasoned that Johnston had an adequate remedy in the ordinary course of law: the collective-bargaining agreement's grievance procedure. Johnston appeals, contending that this remedy cannot be used to seek backpay and is therefore inadequate. We affirm the Eighth District's dismissal.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} In June 2018, the board offered Johnston a teaching job. It calculated her prospective salary based on her master's degree in education and ten years of teaching experience. This calculation was "contingent upon being able to verify the . . . educational experience" supporting the salary calculation. Johnston signed the offer letter.

{¶ 4} Three weeks later, the board sent Johnston a new letter, explaining that the previous calculation was wrong. It offered her the job at the salary corresponding to a master's degree and six years' teaching experience. Johnston signed and returned the new offer letter. The reason why the board recalculated her

prospective salary based on only six years of teaching experience is not in the record.

{¶ 5} Johnston now alleges that she signed on at the lower salary only because the school year was about to start and she did not want to risk unemployment if she insisted on the higher salary. Regardless, her pay in 2018 and the successive annual increases in pay she received over the following years were based on her initial placement in this schedule.

{¶ 6} Two statutes governing the payment of Ohio teachers are relevant here. The first establishes a minimum salary schedule applicable to all teachers employed by the board of education in any school district. R.C. 3317.13(C). It also specifies how to calculate the various salary credits that teachers receive based on their academic training and their experience teaching in Ohio. R.C. 3317.13(A) and (B). It caps the credit that a teacher can receive for teaching experience at ten years. *Id.* The other statutory section, R.C. 3317.14, mandates that each district adopt its own salary schedule, allowing districts to expand on the floor established in R.C. 3317.14(C). It also allows districts to adopt their own requirements for teachers to receive credit for experience not enumerated in R.C. 3317.13(A)(1).

{¶ 7} The board memorialized its salary schedule in the collective-bargaining agreement for all teachers within the North Olmsted school district. The resulting salary schedule guaranteed a higher salary than the statute for the same amount of experience. For example, under the version of the statute applicable when Johnston was hired in 2018, an Ohio teacher with six years of experience and a master's degree was guaranteed a salary of only $27,660.00, *see* former R.C. 3317.13(C), Am.Sub.H.B. No. 94, 149 Ohio Laws, Part III, 4126, 4645-4646; in North Olmsted, under the board's collective-bargaining agreement, the same teacher's salary would have been $59,454.86.

{¶ 8} In addition to the school district's method of calculating experience, the collective-bargaining agreement sets forth a detailed grievance procedure.

3

Grievances start with filing a written complaint with the principal or the employee's supervisor and end with binding arbitration. Johnston, who is subject to the agreement, claims that she unsuccessfully "sought to have the issue corrected," but she does not explain how she did so, nor does she allege that she ever filed a grievance.

{¶ 9} In May 2023, Johnston filed a complaint in the Eighth District, seeking a writ of mandamus to compel the board to give her credit for ten years of teaching experience for purposes of her initial placement on the salary schedule and to give her backpay (i.e., the additional compensation that she would have received if the board had initially given her that credit). After the board filed an answer, both parties asked for judgment on the pleadings. In a split decision, the Eighth District panel granted the board's motion, reasoning that an adequate remedy in the ordinary course of law had been available to Johnston under the grievance procedure of the collective-bargaining agreement. 2024-Ohio-677 at ¶ 16 (8th Dist.). Judge Kilbane dissented, stating that the grievance procedure does not provide a mechanism for collecting backpay and that the procedure therefore is not an adequate remedy. *Id.* at ¶ 21 (Kilbane, J., dissenting). Johnston now appeals.

{¶ 10} The board has moved for oral argument but has not articulated any reasons why oral argument would be beneficial. Johnston has not opposed the motion. Oral argument is optional in direct appeals. Rule 17.02(A). It need not be granted when the parties' briefs are sufficient to resolve any issues raised. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 2006-Ohio-5339, ¶ 16. Because the parties' briefs are sufficient to decide this case, we deny the motion for oral argument.

## II. ANALYSIS

{¶ 11} A judgment on the pleadings resolves the case based on questions of law, so we review such a judgment de novo. *See State ex rel. Casey v. Brown*, 2023-Ohio-2264, ¶ 15. We consider the pleadings—that is, the complaint and the

4

answer as well as written instruments attached to either and materials incorporated into the complaint. *State ex rel. McCarley v. Dept. of Rehab. & Corr.*, 2024-Ohio-2747, ¶13. Written instruments "'include documents that evidence the parties' rights and obligations, such as negotiable instruments, "insurance policies, leases, deeds, promissory notes, and contracts."'" *State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 17, quoting *Inskeep v. Burton*, 2008-Ohio-1982, ¶17 (2d Dist.), quoting 1 Klein & Darling, *Baldwin's Ohio Practice*, 744-745 (2004). On a motion for judgment on the pleadings, the movant must show that after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling him to the requested relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 1996-Ohio-459, ¶21. Here, Johnston is entitled to the writ only if she shows that (1) she has a clear legal right to relief requested, (2) the board has a clear legal duty to provide that relief, and (3) there is no adequate remedy in the ordinary course of law. *Casey* at ¶ 15.

**{¶ 12}** The Eighth District dismissed Johnston's complaint because it determined that the grievance procedure she could have followed to assert her claim was an adequate remedy in the ordinary course of law. 2024-Ohio-677 at ¶ 13-15 (8th Dist.). When available, a formal grievance procedure can be an adequate remedy in the ordinary course of law. *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.*, 1994-Ohio-24, ¶25, 29; *see also* R.C. 4117.10(A).[1] Johnston's

---

1. R.C. 4117.10(A) provides as follows:

> An agreement between a public employer and an exclusive representative entered into pursuant to [R.C. Ch. 4117] governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure . . . . Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees

dispute concerns the board's decision to calculate her salary based on six years of teaching experience rather than ten. Because the collective-bargaining agreement addresses salary determination based on the salary schedule incorporated into that agreement, as discussed below, this dispute arises under the collective-bargaining agreement. The agreement provides for a grievance procedure ending in binding arbitration for challenging the board's decision.

{¶ 13} The parties agree that Johnston became subject to the collective-bargaining agreement as soon as she started working for the school district. She was therefore eligible to receive all the benefits of the agreement, including the higher pay applicable under the salary schedule incorporated into that agreement. But she was also bound to follow the incorporated grievance procedure.

### A. The remedy was available

{¶ 14} Johnston presents two reasons why the grievance-procedure remedy would be inadequate and so should not foreclose mandamus relief. First, she argues that she could not avail herself of the remedy until her contract was signed. It is true that when a claimant does not benefit from a collective-bargaining agreement, the claimant does not have to follow the agreement's grievance procedure. *Chavis*, 1994-Ohio-24 (denying mandamus relief to the teachers who had recourse to the grievance procedure under their collective-bargaining agreement but granting it to those who did not). Johnston claims that when she was offered a position with a specific salary-schedule placement in her second offer letter, she was not a member of the teachers' bargaining unit that had entered into the agreement with the board. The board does not dispute this. The first paycheck she received, however, was an opportunity to challenge the placement. In fact, Johnston contends that because

---

are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. . . .

"salary underpayment is a continuing contract violation," every paycheck would have given her a new opportunity to file a grievance.

{¶ 15} Johnston maintains, however, that it would be "illogical, and unfair, to give such a small window to a newly minted bargaining unit member to file a grievance." Recall that under the collective-bargaining agreement, the grievance procedure begins with submitting a written grievance to the principal or the employee's supervisor within 25 days of an alleged problem or incident. Johnston waited nearly five years before seeking extraordinary relief even though an opportunity to challenge her salary-schedule placement through the grievance procedure cropped up with every paycheck. She had only to put her grievance in writing and submit it to her principal or immediate supervisor. She could have filed such a grievance immediately based on her original placement on the schedule or under her theory within 25 days of any paycheck since then.

{¶ 16} Yet Johnston has not followed that procedure. The parties agree that she did not grieve within the first 25 days of her first paycheck in 2018 or at any time since then. Her failure to make use of that remedy does not undermine the fact that she "'had available a clear, plain, and adequate remedy in the ordinary course of law'" from the beginning of her employment to the present, *State ex rel. Consol. Coal Co. v. Indus. Comm.*, 18 Ohio St.3d 281, 284 (1985), quoting *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 88 (1966). Because Johnston had an available remedy, she is barred from seeking mandamus relief, assuming that the remedy was adequate.

## B. The remedy was adequate

{¶ 17} As her second reason why the grievance procedure would be an inadequate remedy, Johnston claims that even if the procedure were an available remedy now, it would be inadequate because it would not allow her to seek backpay. A remedy is adequate only if it is complete, beneficial, and speedy. *E.g., State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*,

65 Ohio St.3d 323, 328 (1992). A remedy of only prospective relief, Johnston claims, is not complete.

{¶ 18} Johnston's argument misses the point. Johnston had the opportunity to use the grievance procedure with her first paycheck. Even assuming that Johnston could have sought only prospective relief through the grievance procedure, a timely grievance of Johnston's first paycheck would have afforded her an opportunity to fully resolve the dispute by demanding the higher salary calculation for all subsequent paychecks. Her failure to pursue an available legal remedy does not make that remedy inadequate. *See Consol. Coal Co.* at 284; *see also State ex rel. Lockard v. Wellston City School Dist. Bd. of Edn.*, 2015-Ohio-2186, ¶ 19 (4th Dist.).

{¶ 19} In support of her argument that the grievance procedure is an inadequate remedy here, Johnston cites *Tapo v. Columbus Bd. of Edn.*, 31 Ohio St.3d 105, 107-108 (1987). In *Tapo*, two teachers challenged their placement on salary schedules adopted under R.C. 3317.14. But the school board in that case agreed that the two teachers had been underpaid, disagreeing only on whether to give them full backpay. This court determined that there was no dispute as to the provisions of the applicable collective-bargaining agreement and that the school board's refusal to pay certain backpay was ripe for judicial resolution. *Id.* at 107-108. Here, though, the board has made no such stipulation. There is still a dispute over whether Johnston was placed correctly on the schedule, and there is still a grievance procedure for resolving such a dispute.

{¶ 20} Our decision in *Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn.*, 1995-Ohio-17, is more apt than *Tapo* here. There, a teacher insisted that her law-school classes should count as credit for graduate coursework to increase her salary. Although she filed a grievance, it was later withdrawn and the teacher brought a complaint for a writ of mandamus instead. Distinguishing *Tapo*, this court in *Johnson* determined that the teacher's grievance concerned the school

board's use of its discretion, a disagreement ripe for resolution under the grievance procedure established by her bargaining agreement. *Id.* at ¶ 16. Therefore, it denied mandamus relief. *Id.* at ¶ 17. *Compare State ex rel. Kabert v. Shaker Hts. City School Dist. Bd. of Edn.*, 1997-Ohio-242, ¶ 29, 32 (mandamus relief warranted because tutors were not members of the collective-bargaining unit), *with Lockard*, 2015-Ohio-2186, at ¶ 21 (mandamus relief not warranted because collective-bargaining agreement's grievance procedure applied).

{¶ 21} Here, because Johnston had a grievable issue under the collective-bargaining agreement, her claim for mandamus relief fails.

### C. Johnston cannot rely on the statute instead of the agreement

{¶ 22} Alternatively, regardless of whether the grievance-procedure remedy set forth in the collective-bargaining agreement was adequate, Johnston insists that she should not be required to file a grievance to obtain relief because her claim is a creature of statute, not contract. Citing R.C. 4117.10(A), she argues that the collective-bargaining agreement "makes no specification" regarding her "right to proper pay" under R.C. 3317.13 and 3317.14 or backpay for underpayment of wages. *See* R.C. 4117.10(A) ("Where . . . [a collective-bargaining] agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees."). She asserts that because the agreement does not clearly negate her rights under R.C. 3317.13 and 3317.14, she need not invoke the agreement's grievance procedure to assert those rights.

{¶ 23} To support this alternative argument, Johnston relies primarily on *State ex rel. Ohio Assn. of Pub. School Emps./AFSCME, Local 4, AFLCIO v. Batavia Local School Dist. Bd. of Edn.*, 2000-Ohio-130. There, we held that "[i]n order to negate statutory rights of public employees, a collective bargaining

agreement must use language with such specificity as to explicitly demonstrate that the intent of the parties was to preempt statutory rights." *Id.* at syllabus.

**{¶ 24}** Rather than negate the salary schedule set forth in R.C. 3317.13(C), the collective-bargaining agreement at issue here implements the board's authority under R.C. 3117.14 to adopt its own salary schedule. The board's salary schedule supplements and supplants the statutory schedule set forth in R.C. 3117.13(C). The collective-bargaining agreement also addresses salary-schedule placement, stating that teachers "shall be placed . . . in . . . the highest class for which [they are] qualified" and can receive up to 12 years of credit for teaching experience. Therefore, Johnston's reliance on R.C. 3117.13 and 3117.14 to the exclusion of the collective-bargaining agreement falls flat.

**{¶ 25}** Johnston's claim, therefore, is governed by the collective-bargaining agreement. So, to assert whatever legal right she might have, she had an adequate remedy in the ordinary course of law: a grievance under the collective-bargaining agreement.

## III. CONCLUSION

**{¶ 26}** Johnston asks us to grant a writ of mandamus ordering that the school board change her placement on its salary schedule and give her backpay. But the grievance procedure set forth in the collective-bargaining agreement offered Johnston an adequate remedy in the ordinary course of law. Because she was required to, and did not, file such a grievance in order to assert her claim, the Eighth District Court of Appeals was right to dismiss her complaint for a writ of mandamus.

Judgment affirmed.

_____

Baasten, McKinley & Co., L.P.A., and Rachel M. Reight, for appellant.

Scott Scriven, L.L.P., Sandra R. McIntosh, and Jessica K. Philemond, for appellee.

———————————