[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 197.]

THE STATE EX REL. ROGERS, APPELLANT, *v*. CLEVELAND CITY SCHOOL
DISTRICT BOARD OF EDUCATION, APPELLEE.
[Cite as *State ex rel. Rogers v. Cleveland City School Dist. Bd. of Edn.*,
1995-Ohio-252.]

*Schools—Employment of administrators—Mandamus to compel board of
education to issue a contract reemploying relator as an assistant
superintendent for a two-year term—Writ denied, when.*

(No. 94-2198—Submitted June 6, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 67420.

———————————

{¶ 1} Appellant, Claire L. Rogers, was employed by appellee, Cleveland
City School District Board of Education ("board"), in various teaching and
administrative positions from September 1963 through August 5, 1994. In 1991,
the parties entered into a contract in which Rogers was employed as an area
superintendent for a three-year term ending August 5, 1994. Paragraph 6 of the
contract provided:

"Non-renewal of this contract by the Board of Education shall be governed
by Ohio Revised Code § 3319.02 provided that, prior to the expiration of this
contract on August 5, 1994, the Board of Education must give Rogers written notice
of its intention not to renew on or before March 31, 1994. ***"

{¶ 2} On March 31, 1994, the board held a special meeting at which it
considered the recommendations of Superintendent Sammie C. Parrish regarding
the renewal and nonrenewal of administrative contracts. When the board proceeded
to the contracts of those administrators which had been recommended by the
superintendent for renewal, it separated the contracts of Rogers, Ofelia Halasa, and
Benjamin Turner from those of the other employees which were under

consideration. Superintendent Parrish had recommended one-year renewal contracts for Rogers, Halasa, and Turner.

**{¶ 3}** The board amended the superintendent's recommendation as to Turner by voting to renew his contract for two years instead of one. The board then unanimously rejected the superintendent's recommendation to renew the administrative contracts of Rogers and Halasa. Prior to their vote on Rogers's and Halasa's contracts, two members of the board expressly noted that rejecting the superintendent's recommendations would constitute a nonrenewal of those contracts.

**{¶ 4}** Following the board meeting, the board's actions were memorialized, with Resolution No. 155-94, entitled "Resolution to Reject the Superintendent's Recommendation to Renew Administrative Contracts," providing:

"BE IT RESOLVED, that the Cleveland Board of Education hereby rejects the Superintendent's recommendation to renew administrative contracts."

Attached to the resolution was the superintendent's recommendation to renew the contracts of Rogers and Halasa for terms of one year.

On March 31, 1994, Rogers received a letter from William E. Aldridge, the board's treasurer, which stated:

"Dear Ms. Rogers:

"By resolution dated March 31, 1994, the Cleveland Board of Education declared its intent not to renew your administrative contract for the 1994-95 school year pursuant to Ohio Revised Code Section 3319.02.

"Please consider this letter your official notification."

**{¶ 5}** Rogers initiated an action in the Court of Appeals for Cuyahoga County in which she demanded a writ of mandamus compelling the board to issue a contract reemploying her as assistant superintendent for a two-year term commencing August 6, 1994. The board filed a Civ.R. 12(B)(6) motion to dismiss, which was converted by the court of appeals to a motion for summary judgment.

2

Rogers filed a motion for summary judgment. The court of appeals granted summary judgment in favor of the board and denied the writ of mandamus.

{¶ 6} The cause is now before this court upon an appeal as of right.

_____

*Persky, Shapiro, Salim, Esper, Arnoff & Nolfi Co., L.P.A.*, and *Donald N. Jaffe*, for appellant.

*Wenda Rembert Arnold*, Cleveland Board of Education General Counsel, and *George S. Crisci*, Legal Counsel, for appellee.

_____

**Per Curiam.**

{¶ 7} In order to be entitled to a writ of mandamus, Rogers had to establish that she possesses a clear legal right to reemployment, that the board is under a clear legal right duty to reemploy her, and that Rogers has no plain and adequate remedy in the ordinary course of law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1. Further, Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 65-66, 609 N.E.2d 144, 145.

{¶ 8} Rogers contends in her sole proposition of law that a school board resolution which only states that it is rejecting a superintendent's recommendation regarding the renewal of an administrative contract does not constitute a notice of an intent not to reemploy and does not comply with R.C. 3319.02(C).

{¶ 9} R.C. 3319.02(C), which governs the reemployment and renewal of school administrators, provides:

"*An assistant superintendent*, principal, assistant principal, or other administrator *is, at the expiration of his current term of employment, deemed reemployed at the same salary* plus any increments that may be authorized by the board of education, unless he notifies the board in writing to the contrary on or before the first day of June, or *unless such board, on or before the last day of March of the year in which his contract of employment expires*, either reemploys him for a succeeding term or *gives him written notice of its intention not to reemploy him. ***"  (Emphasis added.)

"R.C. 3319.02 is a remedial statute that must be liberally construed in favor of administrators." *State ex rel. Smith v. Etheridge* (1992), 65 Ohio St.3d 501, 605 N.E.2d 59, syllabus. Under R.C. 3319.02(C), a board of education's failure to provide timely written notice of its intention not to reemploy an administrator entitles the administrator to a writ of mandamus compelling reemployment by the board. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152.

{¶ 10} Here, it is uncontroverted that on March 31, 1994, Rogers received timely written notice from the treasurer of the board which facially complied with R.C. 3319.02(C). In other words, the notice indicated to Rogers that it was the board's intent not to reemploy her for the 1994-1995 school year. Rogers further does not contend that the board actually intended to renew her administrative contract.

{¶ 11} Instead, Rogers asserts that Resolution No. 155-94, which rejected the superintendent's recommendation to renew her administrative contract, did not comport with R.C. 3319.02(C), since rejecting the renewal recommendation was not the legal equivalent of deciding not to reemploy her. In this regard, Rogers refers to other resolutions issued by the board on the same day, which used more precise language. However, as specified by the court of appeals, there is "no legal

requirement *** that mandates a specific form for resolutions governing the renewal or nonrenewal of administrative contracts."

{¶ 12} In addition, in construing an analogous statutory provision regarding the reemployment of teachers under limited contract, we have noted:

"Since, under the statute, a teacher holding a limited contract is automatically deemed re-employed unless the 'employing board shall give such teacher written notice on or before the thirty-first day of March of its intention not to re-employ him,' it would seem to follow that the *determination not to re-employ must be reached by the same formality and solemnity as was required to effect his original employment. In other words, it would require board action at a regular meeting, or a special meeting for that purpose, followed by written notice to the teacher of the action so taken to prevent the automatic renewal of his contract.* *** In the instant case, the respondent board took such action on April 9, 1946, but failed to do so within the time required by statute." (Emphasis added.) *State ex rel. Rutherford v. Barberton Bd. of Edn.* (1947), 148 Ohio St. 242, 245-246, 35 O.O. 222, 223, 74 N.E.2d 246, 248.

{¶ 13} Here, the board fully complied with *Rutherford* by unanimously voting to reject the superintendent's recommended renewal of Rogers's administrative contract on March 31, 1994, followed by written notice to Rogers of the board's action.

{¶ 14} In *State ex rel. Harper v. Bath-Richfield Local School Dist. Bd. of Edn.* (1966), 7 Ohio St.2d 49, 54, 36 O.O.2d 43, 46, 218 N.E.2d 616, 619, we found "ample evidence in the record" to support the conclusion of the court of appeals that a board of education decided not to reemploy a teacher employed under a limited contract when it submitted a list of all teachers that were to be employed or reemployed in the following year. Similarly, in this case, in reviewing the entire record, it is manifest that the board acted to reject a renewal of Rogers's administrative contract. At a special meeting, the board rejected the recommended

renewal of Rogers's administrative contract. At the meeting, the board treated the contracts of Rogers, Turner, and Halasa separately from the others. The board rejected Rogers's and Halasa's recommended administrative contracts, with board members expressly stating that their action would constitute a nonrenewal of Rogers's and Halasa's contracts. Conversely, the board amended Turner's recommended administrative contract by adding one year to the contract's term. Therefore, it is evident that by rejecting the superintendent's recommended renewal of Rogers's administrative contract, the board was not merely rejecting the recommended term of the renewal, but was rejecting the renewal in its entirety.

{¶ 15} Rogers further asserts that the R.C. 3319.02(C) notice was defective because neither the statute nor Resolution No. 155-95 empowered the treasurer to give her written notice of the board's action. Under analogous state laws requiring a board of education to send notice of nonrenewal or termination to a teacher, the actual sending of the notice is a mere ministerial task that can be delegated by the board to one of its subordinates. Annotation, Sufficiency of Notice of Intention to Discharge or Not to Rehire Teacher, Under Statutes Requiring Such Notice (1987), 52 A.L.R.4th 301, 357-358, Section 13; *Harper*, *supra*, at syllabus ("The board of education of a local school district has authority to employ an executive head and delegate to him the duty of carrying out the policy decisions of the board as well as certain ministerial duties, such as *** the sending of written notices to teachers that they will not be re-employed."); see, also, *State ex rel. Remley v. Licking Hts. Local School Dist. Bd. of Edn.* (June 1, 1990), Licking App. No. CA-3489, unreported.

{¶ 16} Here, pursuant to the board's ByLaw No. 9320, its treasurer's duties include "[i]ssuing all required *** notices ***." Therefore, Treasurer Aldridge was authorized by the board to issue the R.C. 3319.02(C) notice to Rogers. No further authorization in Resolution No. 155-94 was required.

{¶ 17} Finally, Rogers contends that Resolution No. 155-94 was insufficient to indicate the board's intent not to reemploy her because of this court's

holding in *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 167, 630 N.E.2d 725, 739, that "R.C. 3319.11(G)(2) requires a board of education to provide a teacher under a limited contract a clear and substantive basis for its decision not to reemploy the teacher for the following school year." However, this court further noted that under R.C. 3319.11(G)(7), the failure of a board to provide a teacher with a clear and substantive basis for its decision not to reemploy her entitles her to a statement of reasons, not an order of reemployment. *Id.* at 167, 630 N.E.2d at 729-730. More importantly, there is no analogous statutory provision requiring the recitation of any basis for a board's decision not to reemploy an administrator pursuant to R.C. 3319.02(C).

{¶ 18} Therefore, even in liberally construing R.C. 3319.02(C) in favor of Rogers, and viewing the evidence most strongly in her favor, there is no genuine issue of material fact. The court of appeals properly entered summary judgment in favor of the board, since Rogers established no clear legal right to reemployment as an administrator and no corresponding legal duty on the part of the board to reemploy her in that capacity.

{¶ 19} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT and COOK, JJ., concur in part and dissent in part.

———————————

**COOK, J., concurring in part and dissenting in part.**

{¶ 20} Because the appellant's arguments to this court offer no reasonable ground in law or fact for demanding a writ of mandamus and certainly no ground for appealing the adverse ruling from the court of appeals to this court, I would be inclined, upon the request of appellee, to impose sanctions for this frivolous appeal.

WRIGHT, J., concurs in the foregoing opinion.

———————————