[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 216.]

THE STATE EX REL. BURCH, APPELLANT, *v*. SHEFFIELD-SHEFFIELD LAKE CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Burch v. Sheffield-Sheffield Lake City School Dist. Bd. of Edn.*, 1996-Ohio-304.]

*Mandamus to compel board of education to pay teacher for the period of her employment as a learning disabled tutor according to either the R.C. 3317.13 minimum salary schedule for teachers or the teachers' salary schedule adopted by the board in accordance with R.C. 3317.14—Writ denied, when.*

(No. 95-1096—Submitted February 6, 1996—Decided March 5, 1996.)

APPEAL from the Court of Appeals for Lorain County, No. 94CA5832.

————————————

{¶ 1} Appellee, Sheffield-Sheffield Lake City School District Board of Education ("board"), employed appellant, Regina Burch, as an individual/small group instruction teacher for learning disabled (L.D.) students from February 1989 to June 1993. Individual/small group instruction teachers, who provide supplementary instruction to handicapped children enrolled in regular school classes pursuant to Ohio Adm. Code Section 3301-51-03(C), are commonly referred to as "tutors" or "L.D. tutors." When Burch initially applied for employment with the board in December 1988, she specifically requested employment as an L.D. tutor. In February 1989, Burch and the board executed a "temporary appointment contract" for Burch to serve as an L.D. tutor at a "per diem/hour rate." For the 1989-1990, 1990-1991, 1991-1992, and 1992-1993 school years, the parties executed limited teaching contracts in which Burch agreed to work as an L.D. tutor at the specified hourly salary rates.

**{¶ 2}** In the 1992-1993 school year, Burch's hours were reduced from approximately five hours per day to two hours per day, purportedly due to fewer handicapped students needing tutoring services. Burch refused to accept additional work instructing home-bound students. After Burch's performance in the 1992-1993 school year was evaluated as unsatisfactory, the board gave her written notice that it would not reemploy her following the expiration of her limited contract for that school year.

**{¶ 3}** During the entire period in which the board employed Burch, the Sheffield-Sheffield Lake Teachers Association ("union") served as the collective bargaining representative for the certified teaching staff in the school district. The collective bargaining agreements between the board and the union recognized the union as the exclusive representative for all certified teaching staff, including tutors. The collective bargaining agreements further provided teachers' salary schedules. However, the collective bargaining agreements expressly stated at Article XII(B)(7) that all "[f]ull or part-time tutors shall be compensated at an hourly rate of eighty eight percent (88%) of the hourly rate of a BA-O teacher on the salary schedule."

**{¶ 4}** In 1994, Burch instituted an action in the Court of Appeals for Lorain County requesting a writ of mandamus to compel the board to, among other things, pay her for the period of her employment as an L.D. tutor, according to either the R.C. 3317.13 minimum salary schedule for teachers or the teachers' salary schedules adopted by the board in accordance with R.C. 3317.14 and incorporated in the pertinent collective bargaining agreements. The court of appeals entered summary judgment in favor of the board and denied the writ.

**{¶ 5}** This cause is now before the court upon an appeal as of right.

_____

*Regina Burch, pro se*.

*Pepple & Waggoner* and *Glenn D. Waggoner*, for appellee.

***Per Curiam.***

**{¶ 6}** Burch asserts that the court of appeals erred in granting summary judgment in favor of the board and denying the requested writ of mandamus. In order to be entitled to a writ of mandamus, Burch had to establish (1) a clear legal right to the requested back pay and related benefits, (2) a corresponding clear legal duty on the part of the board to grant her request for back pay and associated benefits, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 218-219, 631 N.E.2d 150, 152. Summary judgment is appropriate when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Rogers v. Cleveland City School Dist. Bd. of Edn.* (1995), 73 Ohio St.3d 197, 199, 652 N.E.2d 756, 758.

**{¶ 7}** As a preliminary matter, Burch did not comply with S.Ct.Prac.R. VII(1) when she failed to file her supplement at the same time as her initial appellate brief. Instead, she filed what essentially constitutes her supplement as an "appendix" attached to her reply brief. However, the rules do not specify dismissal or automatic affirmance based upon an appellant's failure to comply with this particular provision. Further, the board failed to object to Burch's noncompliance with the rule. Thus, given the foregoing as well our general precept that cases should be decided on their merits, we consider the merits of this appeal. See, *e.g.*, *State ex rel. Montgomery v. R & D Chem. Co.* (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821, 823.

**{¶ 8}** Although Burch asserts ten propositions of law, she principally contends that (1) under R.C. 3317.13 and 3317.14, she is entitled to be compensated

at a higher rate than the hourly compensation specified in the collective bargaining agreements; and (2) she is entitled to full-time pay for the 1992-1993 school year, since the board violated R.C. 3319.12 by unlawfully reducing her salary.

{¶ 9} As to the first issue, the court of appeals relied on R.C. 4117.10(A), which provides:

"*An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement.* If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure ***. Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. *Laws pertaining to *** the minimum educational requirements contained in the Revised Code pertaining to public education including the requirement of a certificate by the fiscal officer of a school district pursuant to section 5705.41 of the Revised Code, and the minimum standards promulgated by the state board of education pursuant to division (D) of section 3301.07 of the Revised Code prevail over conflicting provisions of agreements between employee organizations and public employers. *** [T]his chapter prevails over any and all other conflicting laws *** except as otherwise specified in this chapter or otherwise specified by the general assembly. ***" (Emphasis added.)

"Except for laws specifically exempted, the provisions of a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 prevail over conflicting laws." *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 513, 628 N.E.2d 1377, 1381. R.C. 3317.13 provides a minimum salary schedule for teachers, and R.C. 3317.14 provides that any board of education participating in

funds distributed under R.C. Chapter 3317, the school foundation program, must annually adopt a teachers' salary schedule based on training and years of service. Here, the board adopted teachers' salary schedules pursuant to R.C. 3317.14 and incorporated them into the collective bargaining agreements.

{¶ 10} The pertinent collective bargaining agreements provided, in contrast to R.C. 3317.13 and 3317.14, that tutors such as Burch would be paid the specified hourly rate of compensation. Nevertheless, Burch claims that R.C. 4117.10(A) does not require that the provisions of the agreement relating to tutor compensation prevail over R.C. 3317.13 and 3317.14 because these latter statutes constitute "minimum educational requirements" which are exempted from R.C. 4117.10(A). Yet as the court recently held in *State ex rel. Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn.* (1995), 73 Ohio St.3d 189, 192, 652 N.E.2d 750, 752, teachers' salary schedules under R.C. 3317.13 and 3317.14 do not constitute "minimum educational requirements" which are excepted from R.C. 4117.10(A)'s rule that the collective bargaining agreement prevails over conflicting laws. See, also, *State ex rel. Rollins v. Cleveland Hts.-Univ. Hts. Bd. of Edn.* (1988), 40 Ohio St.3d 123, 532 N.E.2d 1289, paragraph two of the syllabus (R.C. 3319.11, relating to teacher tenure, is a teacher-protection statute and not a law pertaining to minimum educational requirements under R.C. 4117.10[A]).

{¶ 11} Burch next contends that R.C. 3317.13 and 3317.14 apply due to R.C. 4117.10(A)'s provision that R.C. Chapter 4117 "prevails over any and all other conflicting laws *** except as otherwise specified in this chapter or as otherwise specified by the general assembly." However, R.C. 3317.13 and 3317.14 do not specify that R.C. 4117.10(A)'s rule that the collective bargaining agreement prevails over conflicting laws is inapplicable.

{¶ 12} Further, to the extent that Burch relies on previous decisions of the court in which we granted writs of mandamus in favor of tutors, such reliance is misplaced since none of those cases involved tutors' claims where they were bound

by a collective bargaining agreement which specified tutors' compensation separately from other teachers, with R.C. 4117.10(A) applicable.  See *State ex rel. Brown v. Milton-Union Exempted Village Bd. of Edn.* (1988), 40 Ohio St.3d 21, 531 N.E.2d 1297 (R.C. 4117.10[A] inapplicable where pertinent language predated enactment of R.C. 4117.10); *State ex rel. Tavenner v. Indian Lake Local School Dist. Bd. of Edn.* (1991), 62 Ohio St.3d 88, 578 N.E.2d 464.  In fact, in one of the cases relied on by Burch, *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 641 N.E.2d 188, we noted that "'[g]enerally, an hourly rate [for tutors] which is agreed upon in collective bargaining, and incorporated in the collective bargaining agreement, may be less than the rate of compensation provided by the salary schedule.'"  *Id.*, 71 Ohio St.3d at 32, 641 N.E.2d at 194, quoting 1 Baker, Ohio School Law (1993) 334, Section 7.44.1.

{¶ 13} "By providing that the [collective bargaining agreement] governs conditions of employment, the General Assembly has indicated its preference for enforcing those terms of an agreement which were arrived at through open negotiation at the bargaining table, regardless of which party is advantaged." *Rollins, supra*, 40 Ohio St.3d at 127, 532 N.E.2d at 1293-1294.  As a member of the collective bargaining unit, Burch was bound by the tutor compensation provisions of the collective bargaining agreements.  Burch is not entitled to a higher rate than the hourly compensation specified in the agreements.

{¶ 14} Burch further asserts that she is entitled to full-time pay for the 1992-1993 school year because the board violated R.C. 3319.12 by unlawfully reducing her salary.  R.C. 3319.12 provides:

"Each board of education shall cause notice to be given annually not later than the first day of July to each teacher who holds a contract valid for the succeeding school year, as to the salary to be paid such teacher during such year.  Such salary shall not be lower than the salary paid during the preceding school year unless such reduction is a part of a uniform plan affecting the entire district.  ***"

**{¶ 15}** Contrary to Burch's assertion, her "salary," which was merely an hourly rate with no promise of a specific number of hours, was not reduced from the 1991-1992 school year to the 1992-1993 school year. Instead, it actually increased from $11.66 per hour to $13 per hour. There was no violation of R.C. 3319.12. In addition, to the extent that Burch claims that "reduction in force measures" in the collective bargaining agreement "should have been followed" if there was "a legitimate declin[ing need] for her services," she possessed an adequate remedy through the agreement's grievance and arbitration procedure. See *Johnson, supra*, 73 Ohio St.3d at 192-193, 652 N.E.2d at 752-753.

**{¶ 16}** The foregoing discussion moots Burch's remaining claims on appeal, *e.g.*, entitlement to prejudgment interest and retirement benefits based upon any unpaid back pay to which she is entitled. Finally, her propositions concerning her alleged obligation to accept the home-bound assignment for the 1992-1993 school year and the board's alleged duty to maintain her employment records are irrelevant to her requested relief on appeal, *i.e.* payment of back pay in accordance with R.C. 3317.13, 3317.14, and 3319.12.

**{¶ 17}** The court of appeals did not err in entering summary judgment in favor of the board and denying the requested extraordinary relief. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

_____