THE STATE EX REL. FLEMING ET AL., APPELLANTS, *v.* ROCKY RIVER BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as *State ex rel. Fleming v. Rocky River Bd. of Edn.* (1997), 79 Ohio St.3d 200.]

(No. 96–2024—Submitted May 6, 1997—Decided July 16, 1997.)

202

*Hohmann, Boukis & Brunn Co., L.P.A.,* and *Thomas L. Brunn, Sr.; Law Offices of Daniel W. Dreyfuss* and *Michael T. Williams,* for appellants.

*Squire, Sanders & Dempsey, L.L.P.,* and *Susan C. Hastings,* for appellees.

*Per Curiam.*

Appellants assert in their first proposition of law that the board must compensate them under the negotiated classroom teachers' salary schedules for their work as special education tutors from August 1989 until the 1993–1994 school year. Appellants claim that the board did not substantially comply with R.C. 3317.14 during this period because it did not file the tutors' salary schedules it had adopted.

R.C. 3317.14 requires that each board of education participating in funds distributed under R.C. Chapter 3317 "shall annually adopt a teachers' salary schedule with provision for increments based upon training and years of service." R.C. 3317.14 further requires that the adopted teachers' salary schedule in effect on October 15 of each year "shall be filed with the superintendent of public instruction" and that a copy of the schedule shall also be filed with the "educational service center superintendent, who thereupon shall certify to the treasurer of such local district the correct salary to be paid to each teacher in accordance with the adopted schedule."

In *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 32–33, 641 N.E.2d 188, 194–195, we held that tutors were entitled to be paid in accordance with teachers' salary schedules contained in collective bargaining agreements because they were filed and adopted in substantial compliance with R.C. 3317.14 when the teachers' salary schedules were the only adopted schedules containing provisions for "increments based upon training and years of service," and the schedules were filed with the Department of Education instead of the Superintendent of Public Instruction.

Appellants contend that under *Chavis,* they are entitled to be compensated in accordance with the negotiated salary schedules for classroom teachers because the tutors' salary schedules adopted by the board were not filed with either the Superintendent of Public Instruction or the Department of Education. Appellants' contention lacks merit for the following reasons.

First, we recently rejected a similar contention in *State ex rel. Kabert v. Shaker Hts. City School Dist. Bd. of Edn.* (1997), 78 Ohio St.3d 37, 676 N.E.2d 101. We noted that the adopted salary schedules contained provisions for increments based upon training and years of service and substantially complied with both R.C. 3317.13 and 3317.14, even though they were not filed because, among other reasons, "R.C. 3317.14 does not condition payment under teachers' salary schedules adopted by the board on the act of filing." 78 Ohio St.3d at 42, 676 N.E.2d at 106. As in *Kabert,* the salary schedules adopted here for tutors on and after August 1989 contained increments based upon training and years of service and substantially complied with R.C. 3317.13 and 3317.14.

Second, the evident purpose of the filing requirement has been satisfied in this case. R.C. 3317.14 indicates that the primary rationale for the filing requirement is to ensure that teachers are being paid in accordance with the adopted salary schedule. Here, appellants presented no evidence that the board's failure to file tutors' salary schedules, which were based on the R.C. 3317.13(C) minimum teachers' salary schedule, ever resulted in appellants' not being paid in accordance with the duly adopted tutors' salary schedules.

Third, as noted by the court of appeals, "Since August, 1989, the Board indisputably adopted the additional salary schedule, entered into contracts and paid its teacher-tutors accordingly, contributed to the State Teachers Retirement System, and received its partial reimbursement from the state based upon the adopted, but not physically filed, teachers' salary schedule." Therefore, the state had notice of the amounts being paid appellants and reimbursed the board accordingly.

Finally, as the court of appeals further held, nothing in R.C. 3317.14 prevents a board of education from adopting more than one teachers' salary schedule as long as no teacher is paid less than the R.C. 3317.13(C) minimum salary and the schedules provide for increments based on training and years of service. Cf. *State ex rel. Burch v. Sheffield–Sheffield Lake City School Dist. Bd. of Edn.* (1996), 75 Ohio St.3d 216, 219, 661 N.E.2d 1086, 1089. Therefore, the board could properly recognize differences in certification requirements and duties between tutors and classroom teachers and adopt different salary schedules for them.

Based on the foregoing, the court of appeals correctly held that appellants were not entitled to be compensated pursuant to the negotiated classroom teachers' salary schedules rather than the duly adopted tutors' salary schedules for the period between August 1989 and the 1993–1994 school year. Appellants' first proposition of law is meritless.

## Learning Assistants

Appellants assert in their second proposition of law that they are entitled to be paid as classroom teachers for their services as learning assistants. R.C. 3319.30 precludes persons from receiving teachers' compensation where they have not obtained an appropriate certificate of qualification for the position as provided for by R.C. 3319.22. See *Chavis,* 71 Ohio St.3d at 30–32, 641 N.E.2d at 193–194. Consequently, these appellants are not entitled to the compensation given to classroom teachers, since they were not properly certificated. *Id.;* see, also, *State ex rel. Ekey v. Rocky River Bd. of Edn.* (1996), 110 Ohio App.3d 530, 674 N.E.2d 1199.

Second, the court of appeals determined that appellants' activities established that they were educational aides rather than teachers when they worked as

learning assistants. Former R.C. 3319.088 defined "educational aide" as "any nonteaching employee in a school district who directly assists a teacher * * * by performing duties for which a [teaching] certificate * * * is not required." (137 Ohio Laws, Part I, 1532.) Educational aides must have permits. R.C. 3319.088. They must be under the supervision or direction of a teacher, and they may not be used in place of classroom teachers. R.C. 3319.088.

Appellants do not dispute that persons with teaching certificates are not entitled to teachers' compensation for work performed as educational aides under R.C. 3319.088. See, e.g., Baker & Carey, Baker's Ohio School Law 1996–97 Ed. (1996) 403–404, Section 8.04 ("A person who acquires teacher certification while employed as an aide does not thereby become a teacher or become entitled to teacher-level pay."); State ex rel. White v. Marion City Bd. of Edn. (June 27, 1989), Marion App. No. 9–87–48, unreported, 1989 WL 71125 ("R.C. 3319.088 prohibits a teacher's aide from being employed or being used in place of a teacher. Appellant argues that the corollary to the prohibition in R.C. 3319.088 is that there is a mandate to pay a teacher's rate of pay for teacher-related work. A reading of R.C. 3319.088 does not indicate that a teacher cannot be employed as a teacher's aide. In addition, while R.C. 3319.088 prohibits an aide from performing the duties of a teacher, it does not prescribe the remedy requested by the appellant.").

Instead, appellants contend that the court of appeals erred in determining that they acted as educational aides rather than teachers when they were employed as learning assistants. Appellants cite portions of testimony from appellees' witnesses to support appellants' claim that they acted as teachers in their learning assistant positions.

In essence, appellants request that we render a de novo determination of this evidentiary issue. Generally, an appellate court should not substitute its judgment for that of a trial court where competent, credible evidence exists to support the judgment. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411, 461 N.E.2d 1273, 1276. The court of appeals appointed a commissioner who held an evidentiary hearing concerning appellants' employment as learning assistants. Since the court of appeals, through its commissioner, was able to "view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony," this court should defer to the court of appeals' determination if it is supported by competent, credible evidence. 10 Ohio St.3d at 80, 10 OBR at 410, 461 N.E.2d at 1276. There is no reason to exercise our discretionary, plenary authority in extraordinary writ actions to consider the evidence de novo in this appeal. Cf. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384.

Here, as the court of appeals determined, its conclusion that learning assistants employed by the board were educational aides rather than teachers is supported by "overwhelming evidence." The evidence established that the board patterned the learning-assistant position after the R.C. 3319.088 definition of "educational aide," and that learning assistants' duties are significantly different from those performed by either classroom teachers or special education tutors.

Therefore, appellants are not entitled to be paid as classroom teachers for work they performed as learning assistants. Appellants' second proposition of law is overruled.

## Conclusion

The court of appeals thus properly held that appellants are not entitled to additional compensation as special education tutors or learning assistants after August 1989. Accordingly, the judgment of the court of appeals granting appellants only a limited writ of mandamus is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.