[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 200.]

THE STATE EX REL. FLEMING ET AL., APPELLANTS, v. ROCKY RIVER BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as *State ex rel. Fleming v. Rocky River Bd. of Edn.*, 1997-Ohio-4.]

*Schools—Tutors compensated at an hourly rate below R.C. 3317.13(C) minimum teachers' salary schedule—No entitlement to compensation pursuant to the negotiated classroom teachers' salary schedules rather than the duly adopted tutors' salary schedules for the period between August 1989 and the 1993-1994 school year, when—Tutors not entitled to be paid as classroom teachers for work performed as learning assistants, when.*

(No. 96-2024–Submitted May 6, 1997–Decided July 16, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 66757.

————————————

{¶ 1} Prior to August 1989, appellee Rocky River Board of Education employed individuals designated as "tutors" to provide instructional services to certain students. The board compensated these individuals, including appellants, Dorothy P. Fleming, Paula Binder, and Carol Weissinger, at an hourly rate below the R.C. 3317.13(C) minimum teachers' salary schedule.

{¶ 2} The board hired some "tutors" to provide federal and state-mandated special education services to handicapped students. These "tutors" require valid teaching certificates, and the board receives partial reimbursement from the State Department of Education for wages and retirement contributions paid to these certificated tutors.

{¶ 3} The board also hired some "tutors" to provide instructional services that were not required by state or federal law to students who did not meet the criteria for special education services. These tutors are not required by law to have

any teacher certification, and the board receives no federal or state funds for providing these instructional services.

{¶ 4} In August 1989, the board restructured its tutoring program in response to our decision in *State ex rel. Brown v. Milton-Union Exempted Village Bd. of Edn.* (1988), 40 Ohio St.3d 21, 531 N.E.2d 1297. The board divided the individuals who had been previously referred to as "tutors" into special education tutors and learning assistants.[1]

{¶ 5} Learning assistants, tutors, and classroom teachers all have significantly distinct permit or certification requirements and duties. Unlike tutors and classroom teachers, learning assistants are not required to have teaching certificates in their specific areas of assignment. Instead, learning assistants are only required to have educational aide permits. In fact, the board has previously allowed nonteachers, including honors students, to serve as learning assistants or perform instructional tasks that are normally done by learning assistants.

{¶ 6} The board patterned the position of learning assistant after "educational aides," as defined in former R.C. 3319.088. Learning assistants employed by the board are supervised by classroom teachers. Unlike teachers, learning assistants do not introduce educational concepts but instead reinforce and review concepts already taught by classroom teachers. Unlike tutors, learning assistants do not prepare, implement, and modify individual education plans for handicapped students. The board receives partial reimbursement from the state for certificated tutors but receives no reimbursement from either the federal or state government for learning assistants. Further, while tutors participate in the State Teachers Retirement System, learning assistants are members of the School Employees Retirement System.

---

1. *Brown* held that tutors are teachers for purposes of a board of education's duly adopted teachers' salary schedule and that they may obtain back pay by way of mandamus.

{¶ 7} Since August 1989, the board has employed appellants as both special education tutors and learning assistants at compensation levels less than it pays classroom teachers. Beginning in August 1989, the board adopted the R.C. 3317.13(C) minimum teachers' salary schedule for calculating tutors' wages, which contains increments based on tutors' academic training and years of service. The board did not file adopted tutors' salary schedules with the State Department of Education until the 1993-1994 school year. The board paid learning assistants an hourly rate below the minimum teachers' salary schedule based on prevailing market conditions and the school district superintendent's recommendation. The board paid classroom teachers pursuant to salary schedules contained in the collective bargaining agreements between the board and the teachers' union. The board filed all the classroom teachers' salary schedules with the Department of Education.

{¶ 8} In January 1994, appellants filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellees, the board, the school district superintendent, and the school district treasurer, to compensate them at the salary and retirement benefit levels adopted for classroom teachers for the work appellants performed as tutors and learning assistants for the board. Following a hearing before a court-appointed commissioner to resolve disputed factual issues, the court of appeals granted a limited writ of mandamus to compel appellees to pay appellants the difference between what they were paid as tutors and what they would have earned under the negotiated classroom teachers' salary schedules in effect between January 1988 and August 1989. The court of appeals denied the writ for those periods following August 1989 for appellants' work as special education tutors and learning assistants.

{¶ 9} The cause is now before this court upon an appeal as of right.

_____

*Hohmann, Boukis & Brunn Co., L.P.A.,* and *Thomas L. Brunn, Sr.; Law Offices of Daniel W. Dreyfuss* and *Michael T. Williams*, for appellants.

*Squire, Sanders & Dempsey, L.L.P.,* and *Susan C. Hastings*, for appellees.

_____

**Per Curiam.**

*Tutors; R.C. 3317.14 Filing Requirement*

{¶ 10} Appellants assert in their first proposition of law that the board must compensate them under the negotiated classroom teachers' salary schedules for their work as special education tutors from August 1989 until the 1993-1994 school year. Appellants claim that the board did not substantially comply with R.C. 3317.14 during this period because it did not file the tutors' salary schedules it had adopted.

{¶ 11} R.C. 3317.14 requires that each board of education participating in funds distributed under R.C. Chapter 3317 "shall annually adopt a teachers' salary schedule with provision for increments based upon training and years of service." R.C. 3317.14 further requires that the adopted teachers' salary schedule in effect on October 15 of each year "shall be filed with the superintendent of public instruction" and that a copy of the schedule shall also be filed with the "educational service center superintendent, who thereupon shall certify to the treasurer of such local district the correct salary to be paid to each teacher in accordance with the adopted schedule."

{¶ 12} In *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 32-33, 641 N.E.2d 188, 194-195, we held that tutors were entitled to be paid in accordance with teachers' salary schedules contained in collective bargaining agreements because they were filed and adopted in substantial compliance with R.C. 3317.14 when the teachers' salary schedules were the only adopted schedules containing provisions for "increments based upon training and

4

years of service," and the schedules were filed with the Department of Education instead of the Superintendent of Public Instruction.

{¶ 13} Appellants contend that under *Chavis*, they are entitled to be compensated in accordance with the negotiated salary schedules for classroom teachers because the tutors' salary schedules adopted by the board were not filed with either the Superintendent of Public Instruction or the Department of Education. Appellants' contention lacks merit for the following reasons.

{¶ 14} First, we recently rejected a similar contention in *State ex rel. Kabert v. Shaker Hts. City School Dist. Bd. of Edn.* (1997), 78 Ohio St.3d 37, 676 N.E.2d 101. We noted that the adopted salary schedules contained provisions for increments based upon training and years of service and substantially complied with both R.C. 3317.13 and 3317.14, even though they were not filed because, among other reasons, "R.C. 3317.14 does not condition payment under teachers' salary schedules adopted by the board on the act of filing." 78 Ohio St.3d at 42, 676 N.E.2d at 106. As in *Kabert*, the salary schedules adopted here for tutors on and after August 1989 contained increments based upon training and years of service and substantially complied with R.C. 3317.13 and 3317.14.

{¶ 15} Second, the evident purpose of the filing requirement has been satisfied in this case. R.C. 3317.14 indicates that the primary rationale for the filing requirement is to ensure that teachers are being paid in accordance with the adopted salary schedule. Here, appellants presented no evidence that the board's failure to file tutors' salary schedules, which were based on the R.C. 3317.13(C) minimum teachers' salary schedule, ever resulted in appellants' not being paid in accordance with the duly adopted tutors' salary schedules.

{¶ 16} Third, as noted by the court of appeals, "since August, 1989, the Board indisputably adopted the additional salary schedule, entered into contracts and paid its teacher-tutors accordingly, contributed to the State Teachers Retirement System, and received its partial reimbursement from the state based

upon the adopted, but not physically filed, teachers' salary schedule." Therefore, the state had notice of the amounts being paid appellants and reimbursed the board accordingly.

{¶ 17} Finally, as the court of appeals further held, nothing in R.C. 3317.14 prevents a board of education from adopting more than one teachers' salary schedule as long as no teacher is paid less than the R.C. 3317.13(C) minimum salary and the schedules provide for increments based on training and years of service. Cf. *State ex rel. Burch v. Sheffield-Sheffield Lake City School Dist. Bd. of Edn.* (1996), 75 Ohio St.3d 216, 219, 661 N.E.2d 1086, 1089. Therefore, the board could properly recognize differences in certification requirements and duties between tutors and classroom teachers and adopt different salary schedules for them.

{¶ 18} Based on the foregoing, the court of appeals correctly held that appellants were not entitled to be compensated pursuant to the negotiated classroom teachers' salary schedules rather than the duly adopted tutors' salary schedules for the period between August 1989 and the 1993-1994 school year. Appellants' first proposition of law is meritless.

*Learning Assistants*

{¶ 19} Appellants assert in their second proposition of law that they are entitled to be paid as classroom teachers for their services as learning assistants. R.C. 3319.30 precludes persons from receiving teachers' compensation where they have not obtained an appropriate certificate of qualification for the position as provided for by R.C. 3319.22. See *Chavis,* 71 Ohio St.3d at 30-32, 641 N.E.2d at 193-194. Consequently, these appellants are not entitled to the compensation given to classroom teachers, since they were not properly certificated. *Id.*; see, also, *State ex rel. Ekey v. Rocky River Bd. of Edn.* (1996), 110 Ohio App.3d 530, 674 N.E.2d 1199.

{¶ 20} Second, the court of appeals determined that appellants' activities established that they were educational aides rather than teachers when they worked

as learning assistants. Former R.C. 3319.088 defined "educational aide" as "any nonteaching employee in a school district who directly assists a teacher * * * by performing duties for which a [teaching] certificate * * * is not required." (137 Ohio Laws, Part I, 1532.) Educational aides must have permits. R.C. 3319.088. They must be under the supervision or direction of a teacher, and they may not be used in place of classroom teachers. R.C. 3319.088.

{¶ 21} Appellants do not dispute that persons with teaching certificates are not entitled to teachers' compensation for work performed as educational aides under R.C. 3319.088. See, *e.g.*, Baker & Carey, Baker's Ohio School Law 1996-97 Ed. (1996) 403-404, Section 8.04 ("A person who acquires teacher certification while employed as an aide does not thereby become a teacher or become entitled to teacher-level pay."); *State ex rel. White v. Marion City Bd. of Edn.* (June 27, 1989), Marion App. No. 9-87-48, unreported, 1989 WL 71125 ("R.C. 3319.088 prohibits a teacher's aide from being employed or being used in place of a teacher. Appellant argues that the corollary to the prohibition in R.C. 3319.088 is that there is a mandate to pay a teacher's rate of pay for teacher-related work. A reading of R.C. 3319.088 does not indicate that a teacher cannot be employed as a teacher's aide. In addition, while R.C. 3319.088 prohibits an aide from performing the duties of a teacher, it does not prescribe the remedy requested by the appellant.").

{¶ 22} Instead, appellants contend that the court of appeals erred in determining that they acted as educational aides rather than teachers when they were employed as learning assistants. Appellants cite portions of testimony from appellees' witnesses to support appellants' claim that they acted as teachers in their learning assistant positions.

{¶ 23} In essence, appellants request that we render a *de novo* determination of this evidentiary issue. Generally, an appellate court should not substitute its judgment for that of a trial court where competent, credible evidence exists to support the judgment. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77,

80, 10 OBR 408, 411, 461 N.E.2d 1273, 1276. The court of appeals appointed a commissioner who held an evidentiary hearing concerning appellants' employment as learning assistants. Since the court of appeals, through its commissioner, was able to "view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony," this court should defer to the court of appeals' determination if it is supported by competent, credible evidence. 10 Ohio St.3d at 80, 10 OBR at 410, 461 N.E.2d at 1276. There is no reason to exercise our discretionary, plenary authority in extraordinary writ actions to consider the evidence *de novo* in this appeal. Cf. *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384.

{¶ 24} Here, as the court of appeals determined, its conclusion that learning assistants employed by the board were educational aides rather than teachers is supported by "overwhelming evidence." The evidence established that the board patterned the learning-assistant position after the R.C. 3319.088 definition of "educational aide," and that learning assistants' duties are significantly different from those performed by either classroom teachers or special education tutors.

{¶ 25} Therefore, appellants are not entitled to be paid as classroom teachers for work they performed as learning assistants. Appellants' second proposition of law is overruled.

*Conclusion*

{¶ 26} The court of appeals thus properly held that appellants are not entitled to additional compensation as special education tutors or learning assistants after August 1989. Accordingly, the judgment of the court of appeals granting appellants only a limited writ of mandamus is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

January Term, 1997

_____