OPINION
{¶ 1} Plaintiff-appellant, Bonnie Thomas, appeals a decision of the Warren County Court of Common Pleas granting summary judgment to defendant-appellee, United States Fidelity and Guarantee Ins. Co. nka St. Paul Fire and Marine Insurance Co., in a declaratory judgment action.
 {¶ 2} In July 1993, appellant was injured in an automobile accident caused by the negligence of Matthew Moore. Appellant settled her claim against Moore's insurer, Motorists Mutual Insurance Co., for the policy limit, and relieved the insurer of any further liability. Appellant also settled her claim against her own insurer, Nationwide Ins. Co., for the policy limits of her underinsured motorist policy, and likewise released Nationwide from any further liability.
 {¶ 3} At the time of the accident, appellant was employed by Stoner and Associates, which was insured under a business owners' policy of insurance issued by United States Fidelity and Guarantee Ins. Co. ("USFG"). In June 2001, appellant filed a declaratory judgment action against USFG seeking a determination, pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-293, that she is entitled to uninsured/underinsured motorist ("UM/UIM") coverage under Stoner's business owners' insurance policy. USFG filed a motion for summary judgment, which the trial court granted. The trial court, citing this court's decision in Reichardt v.Nat'l. Surety Corp., Clermont App. Nos. CA2002-02-017, CA2002-02-018, 2002-Ohio-5143, determined that appellee's failure to notify the insurer of the settlement of her claims against the two other insurers prejudiced USFG, and thus relieved the insurer of its duty to provide coverage under the policy.
 {¶ 4} On appeal, appellant raises two assignments of error, alleging: 1) that her delay in providing appellee notice of her claim should not bar her recovery, and 2) that the business liability policy at issue is an automobile liability policy, giving rise to UM/UIM coverage. USFG counters, arguing 1) that appellant failed to sustain her burden of proving the terms of the insurance contract since she was unable to produce the contract, 2) that the business insurance policy was not a motor vehicle liability policy as defined by statute, 3) that Ohio's financial responsibility law does not transform the business policy into an automobile policy, 4) that appellant was not an insured under the policy, and 5) that appellant breached the terms of the policy, thus precluding coverage.
 {¶ 5} We take note of the multiple arguments posited by USFG merely to point out the many issues surrounding appellant's claim. In addition to these issues, the Ohio Supreme Court's recent decision inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d ___, 2003-Ohio-5849, would indicate that as a threshold matter, appellant would have a valid claim under the USFG policy only if she were acting within the scope of her employment at the time of the accident. Review of the record reveals a paucity of evidence related to this issue. Nevertheless, because we find that review of appellant's first assignment of error is dispositive of this case, regardless of the resolution of many of USFG's counter-arguments, we need not address the other issues surrounding appellant's claim.
 {¶ 6} In her first assignment of error, appellant contends the trial court erred in granting summary judgment to USFG on the basis of her failure to preserve USFG's right to subrogation. She raises two arguments in support of this contention, neither of which have merit.
 {¶ 7} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. This requires that a reviewing court "use the same standard that the trial court should have used, and examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland Bd. Of Edn. (1997),122 Ohio App.3d 378, 383, citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120. In other words, this court reviews the trial court's decision without according it any deference. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 8} Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56(C). If the moving party fails to satisfy its initial burden, "the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 9} It is generally well settled that a subrogation clause is an enforceable precondition to an insurer's duty to provide UM/UIM coverage. See Reichardt, Butler App. Nos. CA2002-02-017, CA2002-02-018, 2002-Ohio-5143, at ¶ 22, citing Bogan v. Progressive Cas. Ins. Co.
(1988), 36 Ohio St.3d 22, paragraph four of the syllabus. "[A]n insured who destroys his insurer's subrogation rights without the insurer's knowledge does so at his peril." McDonald v. Republic-Franklin Ins. Co.
(1989), 45 Ohio St.3d 27, 31.
 {¶ 10} Here, there is no question that appellant failed to protect USFG's subrogation rights as she was required to do under the terms of the insurance policy. In the event of a loss, the USFG policy requires that the insured provide "prompt notice" of the loss, and further states that an insured "must do everything necessary to secure our rights and must do nothing after loss to impair them." Appellant acknowledges that she did not provide USFG with the requisite prior notice of her settlement agreement with the tortfeasor's insurer and her insurer. Nevertheless, appellant argues that she could not have given notice because her ability to recover under the policy did not exist under Ohio law at the time that she settled her claim with the other insurers. She argues that "UIM coverage by operation of law did not exist until the Ohio Supreme Court decision in Scott-Pontzer andSelander[.]"
 {¶ 11} This court flatly rejected appellant's precise argument inReichardt. In that case we stated: "[plaintiff] was free to bring the same type of claim against [the insurer] that the plaintiff inScott-Pontzer brought against the insurance company of her late husband's employer." Reichardt at ¶ 41. In a case such as Scott-Pontzer, where the court does not overrule a prior decision but rather sets forth a statement of the law as it exists, no new law is created. See State exrel. Tavenner v. Indian Lake Local School Dist. Bd. Of Educ. (1991),62 Ohio St.3d 88, 90. Rather, the statement reflects the law as it always has been, even if previously unarticulated. Id. Consequently, we find no merit to appellant's assertion that she was "unable" to provide the insurer with notice because the state of the law was unarticulated at the time of her injury.
 {¶ 12} Appellant further contends that where UM/UIM coverage is imposed by operation of law rather than by contract terms, the parties could not have intended UM/UIM coverage to be provided under the policy. Consequently, appellant argues, the parties could not have intended the notice and subrogation provisions of the policies to apply to UM/UIM coverage. It is appellant's contention that these provisions are restrictions of coverage which would apply solely to excess liability coverage.
 {¶ 13} Again, this court has flatly rejected the precise contention posited by appellant. In Linter et al. v. The Midwestern Indemnity Co.,
Butler App. No. CA2002-04-077, 2002-Ohio-5609, this court quoted with approval the holding in Luckenbill v. The Midwestern Indemnity Co (2001),143 Ohio App.3d 501:
 {¶ 14} "The policy provision here at issue, the notice provision, is a general condition imposed upon the policy with respect to any liability coverage it provides. UM/UIM coverage is liability coverage, albeit for the benefit of the insured with respect to the liability of a tortfeasor who is uninsured or underinsured. When that coverage is imposed by law, * * * it may not be diminished in its scope by circumstantial exclusions which are matters the parties never contemplated. However, the right to coverage may be conditioned on compliance with provisions the parties did contemplate. Here, they agreed to condition liability coverage on the insured's compliance with certain notice requirements. [The insured's] failure to comply with those requirements likewise terminated the UM/UIM liability coverage involved, notwithstanding that it was imposed by law and not by agreement." Linter
at ¶ 43, quoting Luckenbill at 506-507.
 {¶ 15} This court concluded that "a general, predicative condition for coverage in a policy of liability insurance, such as a notice provision, applies to UM/UIM coverage imposed by law for the benefit of the insured to the same extent that it applies under the policy's terms for liability coverage, which likewise benefits the insured when he is at fault." Id. at ¶ 44, quoting Luckenbill at 507.
 {¶ 16} Appellant plainly breached the applicable notice and subrogation provisions of the insurance policy. Her breach gives rise to a presumption that the insurer was prejudiced. See Ferrando v.Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, at ¶90. She has presented no evidence to rebut the presumption of prejudice. As a result, appellant is not entitled to UM/UIM coverage under the policy and USFG is entitled to judgment as a matter of law.
 {¶ 17} Appellant's first assignment of error is overruled. Having concluded that USFG is entitled to judgment as a matter of law, we find that appellant's second assignment of error is rendered moot.
 {¶ 18} Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.